# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| T.K. BENSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. CIV 16-380-JHP-KEW |
| JANET DOWLING, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner T.K. Benson, a pro se prisoner who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He requests that his federal sentence entered in N.D. Okla. Case No. 03-CR-090-TCK be modified to run concurrently with his state sentence entered in Tulsa County District Court Case No. CF-2003-3195:

> On May 8, 2003, I was sentenced to 36 mths in Federal prison. Near[ly] a year later the State of Oklahoma sentenced me, March 25, 2004, to 18 yrs at 85%. My Fed. Sentence should have started to run prior to my state conviction. However, I am requesting this Court order my fed. sentence to run concurrent with my state sentence, or I be credited with service of the sentence from the time of my Federal conviction and the sentence be deemed completed since I should have started service of my Federal sentence before I began my state time. Why I did not is a question I cannot answer. However, it seems that I was supposed to start service of time on the sentence I was first convicted of.

My Federal Indictment states I was convicted of my crime knowingly

---

[1] Petitioner also filed two habeas corpus petitions in the Northern District of Oklahoma which raised the issue of the execution of his sentences. *See Benson v. Allbaugh*, No. 16-CV-452-JED-FHM (N.D. Okla. Aug. 9, 2016) (dismissing action without prejudice for lack of jurisdiction) and *Benson v. Allbaugh*, No. 17-CV-499-CVE-FHM (N.D. Okla. Dec. 13, 2017) (dismissing action for lack of basis in fact and as barred by the statute of limitations).

possessing a firearm on May 8, 2003, and my state judgment and sentence states I was convicted of Robbery March 25, 2004. It is obvious my fed sentence began with the feds near[ly] a year prior to my state conviction. Meaning my Fed sentence was already running and should have been discharged by now. But, I'm told it will not start until after I finish my Fed time. I believe this to be a violation of criminal procedures. Holding a sentence in reserve until after a sentence received after the first is completed. All I ask is the fed time be found to be completed, or run concurrent with my state sent. [E]ither way the Federal sentence would be finished, as it should have been.

(Dkt. 1 at 4-6).

A review of the record for Petitioner's state and federal convictions demonstrates that Petitioner's understanding of the facts providing the basis of his claim is erroneous. The docket sheet for Tulsa County District Court Case No. CF-2003-3195 confirms Petitioner's factual allegation that on March 25, 2004, after a jury trial, the trial judge sentenced him, in accordance with the jury's recommendation, to an 18-year sentence in the custody of the Oklahoma Department of Corrections.[2]

The record for N.D. Okla. Case No. 03-CR-090-TCK, however, refutes Petitioner's allegation that he was sentenced in federal court on May 8, 2003.[3] The record shows the indictment in Case No. 03-CR-090-TCK was filed on July 16, 2003. *See* N.D. Okla. Case No. 03-CR-090-TCK, Dkt. 1. On July 14, 2004, *after* Petitioner already had been convicted and sentenced in state court, Petitioner entered a plea of guilty in federal court. *Id.*, Dkt. 11.

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[3] According to the indictment (N.D. Okla. Case No. 03-CR-090-TCK, Dkt. 1), the date when Petitioner was found to be in possession of a firearm after previously being convicted of a felony was May 8, 2003. In other words, May 8, 2003, was the date of the incident giving rise to the charge filed in N.D. Okla. Case No. 03-CR-090-TCK. It was not the date of Petitioner's federal sentencing.

On October 13, 2004, the federal district court sentenced Petitioner. *Id.*, Dkt. 16. The judgment, entered October 21, 2004, reflects Petitioner's sentence of thirty-eight (38) months' imprisonment in the custody of the United States Bureau of Prisons. *Id.*, Dkt. 17. The judgment specifically provides that "[t]his sentence is to run consecutively to the eighteen (18) year term of imprisonment imposed in Tulsa County District Court Case Number CF-2003-3195." *Id.*, Dkt. 17 at 2. Petitioner did not appeal his federal conviction and sentence, nor has he sought relief under 28 U.S.C. § 2255. Therefore, his claim that his federal sentence should be served concurrently with his state sentence, because the federal sentence was entered first, lacks a basis in fact and is meritless.

The Court further finds that any constitutional challenge to the administration of Petitioner's sentences based on his claim that the state and federal sentences should be served concurrently clearly is barred by the one-year statute of limitations applicable to habeas corpus petitions and § 2255 motions. *See* 28 U.S.C. §§ 2244(d), 2255(f). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The one-year limitation period began to run on Petitioner's claim from the later of (1) the date when he could have discovered through the exercise of due diligence that his sentences were to be served consecutively, or (2) the date on which the judgment became final. 28 U.S.C. §§ 2244(d), 2255(f). Petitioner's judgment in N.D. Okla. Case No. 03-CR-090-TCK, entered on October 21, 2004, became final fourteen (14) days later on November 4, 2004, which was the date his opportunity to file a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A). The deadline for challenging the sentence was one year later in 2005, thus this habeas corpus action filed in 2016 clearly is time barred.

Because the factual basis of Petitioner's claim is erroneous, and the claim is barred by the statute of limitations, the Court finds the petition must be dismissed.

**Certificate of Appealability**

The Court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Petitioner, therefore, is denied a certificate of appealability.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DISMISSED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 27th day of April 2018.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma